Jesse W. and Paula D. BALLARD

*v.*

DEPARTMENT OF REVENUE

(TC 3621)

Plaintiffs appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiffs rendered November 28, 1994.

**CARL N. BYERS, Judge.**

Plaintiffs appeal from an assessment of personal income taxes for 1991, claiming the income did not have its source in Oregon. This matter is before the court on cross motions for summary judgment. There is no dispute of material fact.

FACTS

Plaintiff Jesse Ballard (plaintiff) worked for Reynolds Aluminum (Reynolds) at its Arkansas plant until

1985 when he was laid off. He remained in Arkansas until 1989, but was not employed by Reynolds. Plaintiff's union agreement provided that openings in any Reynolds' plants covered by the agreement were to be filled by laid-off employees from other plants within the system. In 1987, Reynolds' Oregon plant opened several production lines which made a number of new jobs available. Under the union agreement, plaintiff was entitled to be offered a job at the Oregon plant. However, at the same time Reynolds cut back on crew sizes in violation of the union agreement. This action caused a dispute which delayed a job offer being made to plaintiff. Two years passed before Reynolds and the union settled their dispute. Part of the settlement provided that plaintiff would be compensated for the two years he was unemployed by Reynolds (July 1987 to July 1989), and that plaintiff would be offered a job at Reynolds' Oregon plant. The compensation for the two years amounted to $64,339 in lost wages plus interest of $17,661, for a total of $82,000. In order to receive the compensation, plaintiff had to accept the job offered at Reynolds' Oregon plant.

Plaintiffs have never been Oregon residents. Plaintiff accepted the job in Troutdale, Oregon, but plaintiffs established their residence in Vancouver, Washington.

## ISSUE

The sole question before the court is whether the settlement payment received by plaintiff is taxable by Oregon as Oregon source income.

## ANALYSIS

■      ORS 316.127 includes in a nonresident's income items of income "derived from or connected with sources in this state." The relevant portion of the statute provides:

"(2)   Items of income, gain, loss and deduction derived from or connected with sources within this state are those items attributable to:

"(a)   The ownership or disposition of any interest in real or tangible personal property in this state; and

"(b)   A business, trade, profession or occupation carried on in this state." ORS 316.127(2).

Neither the union agreement nor the settlement agreement have been submitted to the court. Plaintiff takes the position that "the settlement must be treated as wages." Defendant believes "[t]he compensation was in lieu of wages plaintiff would have received had he been employed in the Oregon plant[.]"

Based on the facts agreed to by the parties, the court finds the compensation was for breach of the employment agreement. Plaintiff's status, as an employee in the Arkansas plant, entitled him to be offered a job at the Oregon plant. While the measure of plaintiff's damages are the wages he would have earned, the compensation is for a breach of agreement, not for services rendered.

Defendant argues that plaintiff's right to the job in Oregon provided the basis for the compensation. However, it is more accurate to say that Reynolds was obligated to offer laid-off employees jobs which were available at other plants. The laid-off employee could accept or reject the offer. If the employee rejected the offer, Reynolds presumably would not be liable for any lost wages. Reynolds breached the agreement when it did not offer plaintiff a job. Plaintiff's acceptance of the job at the Oregon plant was a condition of establishing his right to compensation for Reynolds' breach. The compensation was not for acceptance of the Oregon job, the compensation was for Reynolds' failure to offer it. The fact that the plant was in Oregon does not make Oregon the source of the income.

Defendant's administrative rule provides:

"[T]he gross income of a nonresident * * * includes compensation for personal services only to the extent that the services were rendered in this state." OAR 150-316.127-(A)(1)(a) (1989).

The court finds that no services were rendered in this state for the income in question. Although plaintiff had to accept the job at the Oregon plant in order to receive the income, acceptance of employment is not rendering of services. Whatever services plaintiff may have rendered after he began working in Oregon entitled him to compensation other than that in question.

In the alternative, defendant argues that the facts come within ORS 316.127(3), which provides:

"Income from intangible personal property, including annuities, dividends, interest and gains from the disposition of intangible personal property, constitutes income derived from sources within this state only to the extent that such income is from property employed in a business, trade, profession or occupation carried on in this state."

Defendant contends that the right to employment constitutes an interest in property. From this, defendant reasons that plaintiff's right to a job at the Oregon plant constituted intangible personal property. When Reynolds breached its agreement, it affected this intangible personal property and the compensation paid to plaintiff flowed from this intangible personal property. Defendant cites *Korfund Co. v. Commissioner*, 1 TC 1180 (1944), in support of this argument.

In *Korfund*, the US Tax Court held that income from an agreement not to compete in the United States had its source in the United States because the agreement constituted a valuable property interest. The court found the situs of the right to compete was in the United States and therefore any income flowing from that right necessarily had its source in the United States. 1 TC at 1187. However, that analysis is not consistent with Oregon's statute.[1]

■ Plaintiff's right to compensation from Reynolds arises from plaintiff's occupation. If such right is deemed an interest in property as defendant contends, then all rights associated with a taxpayer's occupation would be deemed property interests. As a result, all income associated with a taxpayer's occupation would be taxed even though the services are rendered outside Oregon. This is not consistent with ORS 316.127 which taxes a nonresident's income from an occupation only to the extent services are rendered in Oregon.

---

[1] Although the court is not deciding the issue, defendant's analysis may also be inconsistent with the requirements of Due Process. The state may not extract a tax without regard to the relationship between that tax and what the state has given or provided in exchange. *See Kulick v. Department of Revenue*, 290 Or 507, 624 P2d 93 (1981).

If plaintiff had been offered a job in 1987 in Oregon and if he had accepted that job, the income he would have earned between July 1987 and July 1989 would have been taxable in Oregon. The basis for imposing a tax on that income would have been the benefits and privileges plaintiff enjoyed as an employee working in this state. However, no job was offered until 1989 and the compensation paid was not for services rendered in Oregon.

Even if the right to receive damages for breach of the employment agreement is viewed as an intangible property right, it did not produce income as a result of "being employed in a business, trade, profession or occupation carried on in this state." The income was "earned" while plaintiff was a resident of Arkansas. Although plaintiff had to accept the job in Oregon to receive the compensation, the compensation did not arise because plaintiff carried on an occupation in Oregon.

The above analysis requires the court to grant plaintiffs' cross motion for summary judgment. Now, therefore,

IT IS ORDERED that plaintiffs' Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is denied.

Plaintiffs to recover costs and disbursements.