# IN THE TAX COURT OF THE
# STATE OF OREGON

## Lyle McBROOM

*v.*

## DEPARTMENT OF REVENUE

(TC 4075)

Lyle McBroom (taxpayer), Spokane, appeared *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Defendant rendered October 3, 1997.

## CARL N. BYERS, Judge.

This matter is before the court on cross motions for summary judgment. With no dispute of material fact, the parties filed briefs and argued legal issues only.

### FACTS

While Plaintiff was an Oregon resident employed by Intel Corporation (Intel), he received stock options under a 1984 stock option plan. The options entitled Plaintiff to purchase Intel stock at its fair market value as of the date the options were granted. The stock options were not transferable, could not be exercised for five years, and could be canceled by the company at any time prior to exercise.

When Plaintiff left Intel's employment in 1991, only one of the five options had matured. Plaintiff exercised that option and Intel canceled the remaining four options. Plaintiff realized significant gain from the option exercised because the market value of Intel stock at the time of exercise was substantially greater than the option price. However, Plaintiff was not a resident of Oregon when he exercised the option. When he filed his nonresident Oregon income tax return, he did not report the gain from the stock option. The department assessed additional income taxes on the basis that the gain was Oregon source income.

### ISSUE

Was the gain realized upon exercise of the stock option taxable by Oregon as Oregon source income?

## ANALYSIS

■     Oregon has adopted the federal income tax law as a starting point for its personal income tax law. ORS 316.048. The legislative intent is:

"[T]o make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax and the revenue needs of the state * * *." ORS 316.007.[1]

■     The parties agree that the stock options were nonqualified stock options taxable under IRC section 83. Under that code provision, if an option has a readily ascertainable value, the tax is imposed at the time the option is granted. However, if the option does not have a readily ascertainable value, it is not taxed until it is exercised.[2]

■     Federal Regulation section 1.83-7(B)(3) explains that an option may have two increments of value. First, at the time of the grant, there may be a difference between the option price and the fair market value of the property subject to the option. The second increment of value is "the right to benefit from any future increase in the value of the property subject to the option." This second increment of value extends over the period during which the option may be exercised. Consequently, under federal law the option is taxed at the time it is granted only if it has a readily ascertainable value. Options that cannot be transferred, exercised immediately, or are subject to cancellation, do not have a readily ascertainable value and thus are taxed only when exercised.

Consistent with federal law, Plaintiff did not recognize any income when the option was granted. Rather, Plaintiff recognized income in 1991, the year the option was exercised. However, Plaintiff contends that because he was a

---

[1] All references to the Oregon Revised Statutes are to 1991.

[2] By virtue of rather unusual phrasing, two subprovisions exclude certain transactions from coverage of IRC section 83 with the intent to produce the result indicated. *See Pagel, Inc. v. Com.*, 90-2 USTC ¶ 50,347, 905 F2d 1190 (8th Cir 1990).

nonresident when he exercised the option, the income is not taxable by Oregon.

■     ORS 316.127(6) imposes a tax on income of nonresidents that is "derived from or connected with sources in this state." The question before the court is whether Plaintiff's income from exercise of the option falls within this statute.

■     Plaintiff does not acknowledge that the option was granted in exchange for or in recognition of past personal services. However, it is clear that the option was granted for services rendered or that were later rendered to Intel while he was a resident of Oregon. Accordingly, any value derived from the option had its source in Oregon. Where Plaintiff was domiciled at the time of exercise is not relevant.

Plaintiff argues that the option should be characterized as a capital asset. He asserts that "[o]ptions are capital assets. Exercise is * * * 'sale of capital asset, [thus] the place where the sale is made is decisive.' " Plaintiff also asserts that "[o]ption exercise is nothing more than conversion of one capital asset (the option) to another (the stock)."

■■     Plaintiff is in error. An option granted as compensation for personal services is not a capital asset, and the exercise of such an option is not the sale of a capital asset. *See Cramer v. Com.,* 95-2 USTC ¶ 50,491, 64 F3d 1406 (9th Cir 1995), *cert den* 116 S Ct 2499 (1996). The option granted to Plaintiff was a property right given to Plaintiff in exchange for personal services. As such, it is ordinary income whenever recognized.

■     In the alternative, Plaintiff argues that if income realized from the one option is taxable by Oregon, then he should be entitled to a deduction for the other four options that were canceled. In this regard, Plaintiff's argument is directed against federal income tax laws, not against the state's jurisdiction to tax. It is federal income tax law that prevents Plaintiff from recognizing either gain or loss upon receipt of an option that has no readily ascertainable value. That is also consistent with general income tax principles that do not allow deductions for losses attributable to personal services unless the income was first recognized and reported as compensation received. An employee who works

ten hours but is only compensated for six is not allowed a personal income tax deduction for four hours of labor. Likewise, a nonqualified stock option that is canceled before a taxpayer is able to exercise it does not give rise to a recognizable loss.

Based upon the above analysis, the court finds that the department's Opinion and Order No. 96-0157 must be sustained. Now, therefore,

IT IS ORDERED that the Defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied. Costs to neither party.