IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DOMINGO GARCIA JR.     )
and JENNY H. GARCIA,     )
                 )
    Plaintiffs,     ) TC-MD 111074D
                 )
   v.         )
                 )
DEPARTMENT OF REVENUE,   )
State of Oregon,      )
                 )
    Defendant.    ) **DECISION**

Plaintiffs appeal Defendant's Notice of Deficiency, dated July 18, 2011, for the 2010 tax year. The parties filed cross-motions for summary judgment. There is no factual dispute. This matter is now ready for decision.

## I. STATEMENT OF FACTS

Plaintiffs established their Oregon residency on May 29, 2006. (Stip Facts at 1.) Plaintiff (Domingo Garcia, Jr.) began his employment with Nike at the same time. (*Id.*) Plaintiff was granted stock options as part of his compensation while employed at Nike. (*Id.*) All of the stock options were nonqualified stock options. (*Id.*)

Plaintiff traveled extensively while working at Nike. (*Id.*) During the time Plaintiff was an Oregon resident, Plaintiff worked 391days outside of Oregon out of a total of 1022 days worked. (*Id.*) Plaintiff ended his employment with Nike on September, 17, 2010, and established residency in Illinois on September 18, 2010. (*Id.*) Plaintiff exercised all of his Nike stock options after he established residency in Illinois, while he was a nonresident of Oregon. (*Id.*) Nike reported all of Plaintiff's stock option-related income as both Federal income and

/ / /

Oregon income, even though Nike and Plaintiff agreed that there would be an allocation between Oregon and non-Oregon income based on days worked in and outside Oregon. (*Id.* at 1-2.)

Plaintiffs allege that because Plaintiff exercised his stock options when he was a nonresident of Oregon, the stock option gain should be taxed by Oregon on an allocated basis as described in Oregon Administrate Rule (OAR) 150-316.127(A)(3)(d)[1] rather than in its entirety. (Ptfs' Mot for Summ J at 3-4.) Plaintiffs allege that "[a] plain reading of the [OAR] makes it clear" that a taxpayer's "status as resident or non-resident at the time of grant" or the "number days the taxpayer was a resident in Oregon" are not relevant. (Ptfs' Resp at 2.)

Defendant alleges that all of the gain Plaintiff realized from the sale of the stock options should be subject to Oregon taxation because Plaintiff earned the stock options when he was a resident of Oregon. (Def's Mot for Summ J at 1.) Defendant cites *McBroom v. Department of Revenue* (*McBroom*), State of Oregon, 14 OTR 239 (1997), *aff'd* 328 Or 15, 969 P2d 380 (1998) in support of its determination. (Def's Mot for Summ J at 1.)

## II. ANALYSIS

Oregon has adopted the federal income tax law as a starting point for its personal income tax law. ORS 316.048.[2] In analyzing the law governing state taxable income, the court is guided by the legislature's expressed intent to make "the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code [(IRC)] relating to the measurement of taxable income of individuals[.]" ORS 316.007(1). The IRC has a very broad definition of gross income. IRC section 61(a) states that "gross income means all income from whatever source derived[.]" In commenting on the broad definition, the United States Supreme Court stated that

---

[1] All references to Oregon Administrative Rules (OAR) are to 2009.

[2] All references to Oregon Revised Statutes (ORS) are to 2009.

Congress has exercised "the full measure of its taxing power * * * bring[ing] within the definition of income any accession to wealth." *United States v. Burke* (*Burke*), 504 US 229, 233, 112 S Ct 1867, 119 L Ed 2d 34 (1992) (superseded on other grounds by statute, The Small Business Protection Act of 1996, Pub L No 104-188 §1605, 110 Stat 1838) (internal quotations omitted) (citations omitted). The United States Supreme Court has "also emphasized the corollary to § 61(a)'s broad construction, namely, the default rule of statutory interpretation that exclusions from income must be narrowly construed." *Commissioner of Internal Revenue v. Schleier*, 515 US 323, 328, 115 S Ct 2159, 132 L Ed 2d 294 (1995) (quoting *Burke*, 504 US at 248, 112 S Ct at 1867) (internal quotations omitted) (superseded on other grounds by statute, The Small Business Protection Act of 1996, Pub L No 104-188 §1605, 110 Stat 1838).

"The entire taxable income of a resident of this state is the federal taxable income of the resident * * *." ORS 316.048.

With respect to Oregon's ability to tax the gross income of a nonresident, the legislature enacted the following provision: "The taxable income for a full-year nonresident individual is adjusted gross income attributable to sources within this state determined under ORS 316.127[.]" ORS 316.130(1). ORS 316.127, titled "Income of nonresident from Oregon sources," provides, in relevant part:

> "(1) The adjusted gross income of a nonresident derived from sources within this state is the sum of the following:
>
> (a) The net amount of items of income * * * entering into the nonresident's federal adjusted gross income that are derived from or connected with sources in this state * * *.
>
> "* * * * *
>
> "(2) Items of income * * * derived from or connected with sources within this state are those items attributable to:

"* * * *

"(b) A * * * profession or occupation carried on in this state[.]

"* * * *

"(6) If a business, trade, profession or *occupation* is carried on partly within and partly without this state, the determination of net income derived from or connected with sources within this state shall be made by apportionment and allocation under ORS 314.605 to 314.675."

(Emphasis added.) This court has held that that ORS 316.217 "taxes a nonresident's income from an occupation only to the extent services are rendered in Oregon." *Ballard v. Dept. of Rev.*, 13 OTR 201, 204 (1994). A tax is imposed on all income of nonresidents that is "derived from or connected with sources within this state." ORS 316.127(6).

ORS 316.127 indicates that some nonresident income is subject to apportionment or allocation. Income as used in this statute is divided into two categories: business and nonbusiness. ORS 314.610. Nonbusiness income is not "income arising from transactions and activity in the regular course of the taxpayer's trade or business." *See* ORS 314.610(1), (5) (explaining that all income that is not business income is nonbusiness income). Certain specifically enumerated nonbusiness income is subject to allocation. ORS 314.625. A nonresident's nonbusiness income subject to allocation is limited to "[r]ents and royalties from real or tangible personal property, capital gains,[3] interest, dividends, patent or copyright royalties, or prizes awarded by the Oregon State Lottery[.]" ORS 314.625; ORS 316.127. Income derived by exercising stock options is not included in the specifically enumerated list of nonbusiness income that can be

---

[3] The Oregon Tax Court has previously held that stock options are not capital assets but property rights, stating "[t]he option granted to Plaintiff was a property right given to the Plaintiff in exchange for personal services." *McBroom*, 14 OTR at 242.

allocated. *See* ORS 314.625. The court must apply the statute as written. ORS 174.010 provides, in pertinent part:

> "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to *insert what has been omitted*, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

(Emphasis added.) The court may not "insert what has been omitted" by including "income derived by exercising options" into the list of income that is subject to allocation as described in ORS 314.625.

The Oregon Tax Court has previously addressed the issue of a nonresident exercising stock options that were granted in exchange for services rendered in Oregon. *See McBroom*, 14 OTR at 239. In *McBroom*, similar to the case before the court, the plaintiff was an Oregon resident who received stock options as part of his compensation from his employer. *Id.* at 240. The plaintiff in *McBroom* was granted stock options in 1984 and worked for his employer until 1991. *Id.* When the plaintiff exercised the vested stock options after he ceased working for his employer, he was no longer an Oregon resident. *Id.* The facts of *McBroom* mirror the facts of the case before the court; Plaintiff, an Oregon resident, was granted stock options as compensation from an Oregon employer and the stock options were exercised after Plaintiff was no longer an Oregon resident. The only pertinent difference between *McBroom* and the present case is that in *McBroom* the plaintiff alleged that he should not pay any income taxes to Oregon because he was a nonresident in contrast to Plaintiffs who argue that they should only pay an apportioned amount. *Id.*

The Oregon Supreme Court in *McBroom* affirmed the Oregon Tax Court's holding that ORS 316.127(6) is the controlling statute regarding income derived from the exercise of

options.[4] *McBroom*, 328 Or 15. The Oregon Tax Court held that "income from exercise of the option[s] falls within the statute. * * * [T]he option was granted for services rendered * * * while he was a resident of Oregon. * * * [A]ny value derived from the option had its source in Oregon. Where Plaintiff was domiciled at the time of exercise is not relevant." *Id*. at 242.

ORS 316.127(6) is the controlling statute. ORS 316.127(6) does not provide for apportionment of income derived by exercise of stock options. The income Plaintiff received from the stock options he earned in Oregon, which he exercised at a time when he was a resident in Illinois, is subject to Oregon income tax without apportionment.

Plaintiffs allege that the income they derived as a result of Plaintiff exercising his nonqualified stock options as nonresidents should be taxed on an allocated basis. (Pfts' Mot for Summ J at 1.) Plaintiffs allege Defendant should follow the allocation procedures described in OAR 150-316.127(A)(3)(d), titled "Gross Income of Nonresidents; Personal Services." (*Id*. at 3-4.) OAR 150-316.127(A)(3)(d)(B) states in pertinent part:

> "If a non-statutory stock option granted in connection with performance of services that does not have a readily ascertainable fair market value at the date of the grant[,] * * * the taxpayer must allocate the compensation related to the option to Oregon in the same year it is taxable for federal purposes. The income that is recognized for federal purposes must be allocated to Oregon if the taxpayer worked in Oregon during the tax year the option was granted. The amount of compensation includable in Oregon source income is computed using the following formula:
>
> "Total days worked in Oregon from date of grant to date of federal recognition -- divided by -- Total days worked everywhere from date of grant to date of federal recognition x Compensation related to option exercise = Amount taxable by Oregon[.]"

/ / /

---

[4] Note: Contrary to argument put forward by Defendant, *McBroom* does not hold that stock options are not subject to apportionment. (*See* Def's Mot for Summ J at 1.) *McBroom* holds that stock options earned in Oregon are subject to ORS 316.127(6) regardless of where they are exercised. *McBroom*, 14 OTR at 242. ORS 316.127(6) does not provide for apportionment.

Taxable personal services are described in pertinent part:

"[T]he gross income of a nonresident who * * * receives compensation for services as an employee includes compensation for personal services only to the extent that the services were performed in this state."

OAR 150-316.127(1)(a).

OAR 150-316.127(A) provides a number of examples illustrating how to apply the rule. Example 1 sets out "Dick, a nonresident, works as a medical transcriptionist for an Oregon employer." OAR 150-316.127(A)(3)(a). The other eight examples provided in the section follow the same pattern. The taxpayers in each example are all nonresidents who work at least some portion of time in Oregon. OAR 150-316.127(A).

OAR 150-316.127(A)(3)(d) applies to nonresidents who work in Oregon and receive compensation for services, including stock options. OAR 150-316.127(A)(3)(d) and the stock option income allocation procedure outlined therein do not apply to the facts of this case. Plaintiffs were Oregon residents during the time Plaintiff received his stock options. (Stip Facts at 1.) Plaintiff never worked in Oregon as a nonresident. Plaintiff worked in Oregon as a resident. OAR 150-316.127(A) is inapplicable to Plaintiff's circumstances, and all of the income Plaintiff derived from exercising his stock options is subject to Oregon income tax in accordance with ORS 316.127.

Plaintiffs allege that if OAR 150-316.127(A)(3)(d) does not apply to Plaintiff, then Oregon is not following its own rule. (Pfts' Mot for Summ J at 5.) That is incorrect because OAR 150-316.127(A) does not apply to Plaintiff's circumstances. Plaintiff was a resident when he earned the stock option compensation, and OAR 150-316.127(A) applies to nonresidents who earn compensation while working in, but not domiciled in, Oregon.

///

In sum, Plaintiff earned the stock options when he was an Oregon resident.  There is no apportionment of income derived from the exercise of the stock options because OAR 150-316.127(A)(3)(d)  does not apply.  All the income Plaintiff received from exercising his stock options is taxable by Oregon.

### III.  CONCLUSION

After careful review of the pleadings, Plaintiffs have failed to provide by a preponderance of the evidence that the income received from exercising Plaintiff's stock options should be apportioned as described by OAR 150-316.127(A)(3)(d).  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Defendant's Motion for Summary Judgment is granted.

Dated this _____ day of April 2012.

JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on April 30, 2012.  The Court filed and entered this document on April 30, 2012.*