IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JOHN R. BALLARD )
and KAREN L. BALLARD, )
)
Plaintiffs, ) TC-MD 110857C
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **DECISION**

Plaintiffs appeal Defendant's Notice of Refund Denial for tax year 2009 dated May 23, 2011, and request a refund of $1,537 plus allowable interest. Trial in this matter was held on June 12, 2012, in the Oregon Tax Court Conference Room. John R. Ballard (Ballard) appeared and testified for Plaintiffs. Tami Powers, Auditor, and Kevin Cole, Auditor, appeared and testified on behalf of Defendant.

Plaintiffs Exhibits 1 through 34 and Defendants A through J were admitted without objection.

## I. STATEMENT OF FACTS

At trial the parties agreed to the following facts. Plaintiff, John R. Ballard, is a nonresident of Oregon. He has lived in his home in Vancouver, Washington, since 1997, and was a resident of that state from 1997 through at least February 2009, including the 22 months he worked in the Oregon.

Ballard testified that he began working for the United States Postal Service in Portland Oregon, in 1978. He worked in that office for approximately 14 years, and then moved to

/ / /

another Postal Service position in Warrenton, Washington, in 1992. He was in Warrenton for the next five years, at which time he transferred to the post office in Vancouver, Washington.

During the time relevant to this case, the parties agree that Ballard worked for the Postal Service in Vancouver, Washington, from 1997-2006; Boise, Idaho, from July 2006 through April 2007; and Gresham, Oregon, from April 2007 through January 31, 2009. Ballard worked a total of 20 days in Oregon during 2009. Ballard did not work in any other state during 2009.

Ballard retired from the Postal Service on January 31, 2009. Ballard carried over at least 600 hours of vacation time earned while working in other states when Ballard started working in Oregon.

Upon retirement Ballard was paid a lump sum payment in his paycheck for accumulated vacation time ("terminal leave") amounting to 584 hours, based on the current rate of pay at the time of retirement. Ballard also carried over accumulated sick leave. Ballard's accumulated sick leave (which was in excess of $3000) was not part of the lump sum payment, but was included as a credit for time worked for purposes of calculating Ballard's monthly retirement payment. Ballard's 2009 W-2 shows wages of $29,532.73, of which $25,906.01 was for accumulated unused vacation leave. (Ptfs' Ex 1; Def's Ex E-1.) Ballard's employer withheld $1,537.39 from his 2009 wages for Oregon income taxes. (Ptfs' Ex 1.) Of that amount, $1,347.11 was for the "terminal" (vacation) leave pay. (Ptf's Ex 5.)

Ballard testified that while working in Oregon, Plaintiff used "208 hours of vacation a year" because he was only able to "carry over a maximum of 560 hours" into a new work year, and "earned 208 hours" of vacation time per year. Ballard further testified that he reached the 560 hour carry over maximum beginning in January 2004. Ballard asserts that the "terminal leave" is not derived from sources within this state and should therefore not have been taxed by

Oregon. Defendant responds that 100 percent of the days Ballard worked in 2009 were for services performed in Oregon and that the disputed "terminal annual leave pay" is subject to tax by this state.

## II. ANALYSIS

The issue in this case is whether a lump sum payment, paid to a nonresident taxpayer while working in the Oregon, for accrued and unused vacation time earned while working both within Oregon and in other states, is considered Oregon source income subject to tax by the state.[1]

ORS 316.127 details what is Oregon source income for nonresidents.[2] Oregon source income includes "[t]he net amount of items of income, gain, loss and deduction entering into the nonresident's federal adjusted gross income that are derived from or connected with sources in this state." ORS 316.127(1)(a). Among such "items of income [or] gain" are those items attributable to "[a] business, trade, profession or occupation carried on in this state[.]" ORS 316.127(2)(b). There is no dispute as to the fact that Plaintiff worked solely in Oregon during the 2009 tax year. The only issue in dispute is whether the accrued vacation time is Oregon source income.

OAR 150-316.127-(A)(3)(c) states, in part, that "[t]otal compensation for personal services includes * * * vacation pay. * * * [V]acation days are not considered actual working days either in or out of this state and are to be excluded from the calculation of the portion of total compensation for personal services taxable to this state." The OARs and the statutes do not

---

[1] During his opening statement at trial, Ballard framed the issue as whether his "terminal leave," cashed out at retirement but accumulated over time, was taxable by Oregon. Ballard asserted that the Oregon statutes and administrative rules do not address terminal leave. Ballard later summarized the issue as being over the "source," not "taxability," of the disputed earnings. Defendant simply stated that the issue was over "what income is taxable."

[2] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2009.

discriminate between vacation days earned in other states and vacation days earned in Oregon. OAR 150-316.127-(A)(3)(c) directs that vacation pay is to be included as part of the total compensation for personal services. The total compensation is to be apportioned as Oregon source income based on the portion of days worked in Oregon during the tax year following the formula provided in OAR 150-316.127-(A)(3)(b) which states, in part, that "[t]he gross income * * * includes that portion of the total compensation for services which the total number of actual working days employed within this state bears to the total number of actual working days employed both within and without this state during the taxable period."

It is undisputed that Ballard worked a total of 20 days within Oregon and a total of zero days outside Oregon. Adding these two numbers together results in a total of 20 days worked within and without Oregon. The portion of days worked in Oregon is 100 percent. Therefore any income received is 100 percent attributable to Oregon.

There is one relevant exception to this rule; however, that exception is not applicable here. OAR 150-316.127-(A)(1)(b) states, in part, that "[c]ompensation for personal services performed by a nonresident employee wholly outside this state and in no way connected with the management or conduct of a business in this state is excluded from gross income. This compensation is excluded even if payment is made from a point within this state * * *." Ballard has contended that the carryover vacation time was wholly earned outside of Oregon and is therefore not connected to Oregon, and as such should not be included in total compensation for Oregon tax purposes.

To be excluded, as Ballard requests, the rule requires that the compensation can be in no way connected to Oregon, and the services performed must be *wholly* performed outside Oregon. There is not a dispute that at least some of the carry over vacation hours were a result of work

that was wholly performed outside Oregon and before Ballard began work in Oregon. However, some of the disputed vacation leave hours were earned during the 22 months Ballard worked in Oregon. Ballard acknowledges he earned 208 hours per year in the form of paid vacation leave for a total of 376 hours of Oregon source vacation leave, earned for services performed wholly within this State. Ballard testified that the lump sum was "based on pay rate at time of retirement." At the time of retirement Ballard was solely working in Oregon. "[I]ncome tax is imposed on the earning of income within a certain period." *Black v. Commission,* 1 OTR 614, 620 (1964) (citation omitted)). Ballard earned the right to take at least some of the vacation hours in question for work performed in other states, but did not exercise that right until he was working solely in Oregon. The lump sum payment was realized during the 2009 tax year, even though at least some of the vacation hours were a result of work performed in previous years.

In this case there is a connection to Oregon for the carried over vacation hours by virtue of the fact that Ballard worked in Oregon and continued to be eligible to use the previously earned vacation hours. These hours were also paid out at the rate of pay which Ballard was earning at the time he used the hours, this rate of pay was based on his work in Oregon.

This case is also distinguishable from other, similar cases, most notably *Ballard v. Dept. of Rev.* (*Ballard*), 13 OTR 201 (1994).[3] In *Ballard*, the issue was whether a lump sum settlement payment was Oregon source income when as a condition of the payment an offer of work in Oregon had to be accepted. The payment in *Ballard* was not Oregon source income because no work was ever performed in Oregon and specifically the Plaintiff in *Ballard* never enjoyed the "benefits and privileges * * * [of] an employee working in [Oregon]." *Ballard,* 13 OTR at 205.

/ / /

_____

[3] While sharing a name, the previous Ballard and the taxpayer in this case are not related.

In this case Ballard did enjoy the benefits and privileges of an employee in Oregon during the entirety of Ballard's 2009 work.

### III.  CONCLUSION

Ballard's lump sum payment was based on accumulated vacation hours earned while working in various states, including Oregon.  Once Ballard began working in Oregon, all of these hours had a connection to Oregon because all the vacation hours were paid according to Ballard's current wage and position at the time the vacation was taken. Additionally, Ballard was able to enjoy the benefits and privileges of being an Oregon employee.  To not qualify as Oregon source income, the benefit must not have any connection to Oregon and be wholly earned outside Oregon.  The lump sum payment in question here does not meet those criteria.  Defendant's taxation of the lump sum payment was in accordance with the relevant ORS and OAR sections. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of September 2012.


DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on September 19, 2012. The Court filed and entered this document on September 19, 2012.*